**WO**                                                                              ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon LaRon Cobb, Sr., et al., | No. CV-24-08021-PCT-MTL (JZB) |
| Plaintiffs, | |
| v. | **ORDER** |
| County of Mohave, et al., | |
| Defendants. | |

Plaintiffs Brandon LaRon Cobb, Sr. and Jessica Nicole Cobb, who are not in custody, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 19.) Plaintiffs oppose the Motion. (Doc. 20.) Defendants have filed a Reply. (Doc. 21.)

The Court will grant the Motion.

**I.    Legal Standards**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are

taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

**II.    Discussion**

In their seven count Complaint, Plaintiffs name the following Defendants: Mohave County; "district prosecutor" Leah Nelson; and police officers Michael Nyquist, Robert Tapia, and Cody Wilson. Plaintiffs assert seven claims in their Complaint:

"Claim 1: Malicious Prosecution of Child Abuse cases with no evidence" pursuant to "42 U.S.C. § 1983, and 28 U.S.C. § 2860" (Doc. 1 at 1);

"Claim 2: Improper investigation of case that violated Constitutional, civil, and victims' rights" pursuant to "18 U.S.C. § 250 . . . 18 U.S.C. § 242 [and] 18 U.S.C. § 3771" (*Id.* at 2);

"Claim 3: Monell liability against Mohave County under 42 U.S.C. § 1983" (*Id.*);

"Claim 4: Conspiracy Claim under 42 U.S.C. § 1985" (*Id.*);

"Claim 5: State Law Abuse of Process" pursuant to "A.R.S. § 44-2083" (*Id.* at 3);

"Claim 6: State Law Deformation [*sic*] of Character" pursuant to "A.R.S. § 23-1325" (*Id.*); and

"Claim 7: State Intentional Infliction of Emotional Distress" pursuant to "A.R.S. Title 13 criminal code § 13-3623" (*Id.*).

Defendants seek dismissal on the basis that Plaintiffs' Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure; Defendant Nelson is entitled to absolute immunity; Mohave County is entitled to Eleventh Amendment immunity; Plaintiffs failed to file a notice of claim; Plaintiffs have failed to state a claim for which relief could be granted; the individual Defendants are entitled to qualified immunity; Plaintiffs are not entitled to punitive damages; and Plaintiffs cannot recover damages for non-parties. (Doc. 19).

The Court will discuss each Claim in turn.

**A.    Claim One**

In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citations omitted). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Id.* at 1066–67 (citation omitted).

However, "[w]itnesses, including police officers, are absolutely immune from liability for testimony at trial, and before a grand jury." *Lisker v. City of Los Angeles*, 780

F.3d 1237, 1241–42 (9th Cir. 2015) (citations omitted).  "Absolute witness immunity also extends to preparatory activities 'inextricably tied' to testimony, such as conspiracies to testify falsely."  *Id.* (citations omitted).  "Were it otherwise, a criminal defendant turned civil plaintiff could simply reframe a claim to attack the preparation instead of the absolutely immune actions themselves."  *Id.* (citation omitted).  Therefore, to show that Defendants are not entitled to absolute immunity, Plaintiffs must provide evidence that Defendants engaged in "'non-testimonial' acts, such as 'tampering with documentary or physical evidence or preventing witnesses from coming forward'" that led to their prosecution.  *Id.* (citation omitted).

Here, Plaintiffs allege that Nelson "proceeded with a prosecution that lacked evidence as noted by judges' questioning and subsequent ruling"; Nelson, Nyquist, Tapia, and Wilson "released actual statements, made by victim or facts pertaining to the case to the public or press, as noted by numerous news reports"; Nyquist and Wilson "made an[] unconstitutional search of [the] victim['s] person during [the] initial investigation, stating that victim has obvious signs of abuse, when signs w[]ere not obvious, noted by being inadmissible evidence at trial"; Tapia "made unconstitutional search of victim before forensic interview as noted by inadmissible evidence at trial"; and Nelson "did not insert motion in a timely manner as described by judge before trial."  (Doc. 1 at 1).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*  Plaintiffs' allegations are vague and conclusory, and do not factually support a claim of malicious prosecution.  Plaintiffs' do not describe how Nelson "proceeded with a prosecution that lacked evidence"; when Nelson, Nyquist, Tapia, and Wilson "released actual statements," what these statements were, or how they were injured by them; or how any purportedly unconstitutional action against a victim supports that *their* rights have been violated in any way.  Accordingly, Claim One will be dismissed.  However, because Claim

One may possibly be cured by the allegation of additional facts sufficient to state a claim, the dismissal will be without prejudice, and Plaintiffs will be given an opportunity to amend their complaint to cure the deficiencies identified herein.

### B.    Claim Two

In Claim Two, Plaintiffs assert a claim of "improper investigation" pursuant to 18 U.S.C. § 250, 18 U.S.C. § 242, and 18 U.S.C. § 3771.  None of these statutes, however, authorize a private civil right of action.  Sections 242 and 250 are criminal statutes; criminal statutes do not confer a private right of action in a civil lawsuit.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (claims brought under 18 U.S.C. §§ 241 and 242 "provide no basis for civil liability"); *Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014) (dismissing claims brought by private citizens under 18 U.S.C. §§ 241, 242, 245 and 249 on the ground that "[a] private citizen may not sue under the federal criminal laws absent some language in the statute that suggests a private right of action").  Section 3771 is the crime victim bill of rights that affords certain rights to the victims of crimes in a criminal action.  This action, however, is not a criminal action.  Accordingly, § 3771 is inapplicable.  Claim Two will thus be dismissed.  Further, because these defects cannot be cured by the allegation of additional facts, Claim Two will be dismissed with prejudice.[1]

### C.    Claim Three

Plaintiffs assert a *Monell* claim against Mohave County in Claim Three, alleging that Nelson and Nyquist—"as policy-makers for Mohave County"—had "policies and practices [that] resulted in the prosecution and arrest of Plaintiffs without probable cause," and "resulted in the unconstitutional search of [Plaintiffs'] daughter's person leading to the unconstitutional prosecution and arrest of Plaintiffs without probable cause."  (Doc. 1 at 2).

To state a *Monell* claim based on a policy, practice or custom of Defendants,

---

[1] The Court further finds that Claim Two, if properly brought pursuant to § 1983, is more properly construed as a claim of malicious prosecution, and is therefore duplicative of Claim One.

Plaintiff must allege facts showing (1) that his constitutional rights were violated by an employee or employees of the Defendant; (2) that the Defendant has customs or policies that amount to deliberate indifference; and (3) that the policies or customs were the moving force behind the violation of Plaintiff's constitutional rights in the sense that the Defendant could have prevented the violation with an appropriate policy. *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002). "Policies of omission regarding the supervision of employees . . . can be policies or customs that create . . . liability . . . , but only if the omission reflects a deliberate or conscious choice to countenance the possibility of a constitutional violation." *Id.* at 1194 (quotations omitted).

A "decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To support a *Monell* claim for failure to train under § 1983, a plaintiff must allege facts demonstrating that the local government's failure to train amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id.* at 61 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Deliberate indifference may be shown if there are facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need." *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (citing *Canton*, 489 U.S. at 390). While "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train" *Connick*, 563 U.S. at 62, a plaintiff may still prove a failure-to-train claim without showing a pattern of constitutional violations where a violation "may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006) (internal citation omitted). In such instances, "failing to train could be so patently obvious

that [an entity] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 F.3d at 64.

A plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded. *See Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *Gomez*, 255 F.3d at 1127.

Further, a supervisor's ratification of another's conduct can form the basis for liability if the ratification decision approves both the subordinate's decision and the basis for it, and the ratification decision is the product of a conscious choice to ratify the conduct. *Peschel v. City of Missoula*, 686 F. Supp. 2d 1092, 1102 (D. Mont. 2008) (citations and quotations omitted).

Here, however, Plaintiffs do not identify or describe in any way what "policies and practices" of Mohave County caused their alleged injuries. For example, Plaintiffs do not describe what training, if any, the individual Defendants received pursuant to any policy or practice of Mohave County, nor do they explain how such training is deliberately indifferent to their constitutional rights. Plaintiffs further allege no facts to support that Nelson and Nyquist are policy-makers for Mohave County for any policy relevant to their injuries.[2] As with Claim One, Plaintiffs' allegations are vague and conclusory. *Ivey*, 673 F.2d at 268. Accordingly, Claim Three will be dismissed. However, because Claim Three may possibly be cured by the allegation of additional facts sufficient to state a claim, the dismissal will be without prejudice, and Plaintiffs will be given an opportunity to amend their complaint to cure the deficiencies identified herein.

### D.  Claim Four

Plaintiffs asserts a conspiracy claim pursuant to 42 U.S.C. § 1985 in Claim Four. Plaintiffs allege that "Nelson and Nyquist conspired to bring charges against plaintiffs for reasons of racial and class-based motivation without probable cause"; "Nelson used

---

[2] The Court notes that Nelson appears to be only an assistant county attorney (Matthew J. Smith has been Mohave County Attorney since 2003), and, by their own allegation, Nyquist is only a police sergeant.

intimidating language/circumstances to get plaintiffs to plea to lesser charges"; "Nyquist used intimidating language/circumstances to get plaintiffs to confess, while plaintiffs were filing formal complaint against detectives for wrongdoing"; and that "Tapia used intimidating circumstances against victim during forensic interview" and " den[ied] her right to leave after she stated she wanted to many times."  (Doc. 1 at 3).

Section 1985, "conspiracy to interfere with civil rights," applies when two or more persons conspire to (1) prevent a person from accepting or holding office; (2) intimidate a witness or juror in a legal proceeding, or (3) deny a person equal protection, the right to vote, or "any right or privilege of a citizen of the United States."  42 U.S.C. § 1985.  To state a conspiracy claim, a plaintiff "must show 'an agreement or 'meeting of the minds' to violate constitutional rights."  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citations omitted).  The Court "need not, however, accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy did not support a § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient.").

Here, Plaintiffs have not alleged any facts from which to infer a conspiracy between one or more Defendants to violate Plaintiffs' constitutional rights.  Moreover, it is not clear from Plaintiffs' allegations what federal or constitutional right Defendants allegedly conspired to violate.  Plaintiffs' allegations are again vague and conclusory, and insufficient to state a claim of conspiracy for which relief could be granted.  Claim Four will thus be dismissed.  However, because Claim Four may possibly be cured by the allegation of additional facts sufficient to state a claim, the dismissal will be without prejudice, and Plaintiffs will be given an opportunity to amend their complaint to cure the deficiencies identified herein.

. . . .

**E.    Claims Five, Six, and Seven**

Plaintiffs make no allegations in Claims Five, Six, and Seven, and these claims can thus be dismissed on that basis alone.  Fed. R. Civ. P. 8(a), 12(b)(6).

Further, under Arizona state law, a plaintiff must file a Notice of Claim with the public employee within 180 days of the incident from which the claim arose, otherwise the action is barred and may not be maintained.  Ariz. Rev. Stat. § 12–821.01(A).  In addition, the plaintiff must give notice to a public employee's employer; "[a] claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to both the employee individually and to his employer."  *Crum v. Superior Court In and For Cnty. of Maricopa*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996).  For service of process of the notice of claim on an individual, the Arizona rules of civil procedure state:

> [A]n individual may be served by: (1) delivering a copy of the summons and the pleading being served to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d).

Arizona courts have held that plaintiffs who do not strictly comply with section 12-821.01(A) are barred from bringing suit.  *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) ("[c]ompliance with the notice provision of § 12-821.01(A) is a mandatory and essential prerequisite to such an action").  "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of . . . § 12-821.01(A)."  *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. Ct. App. 2006).

An assertion that the plaintiff has not complied with the notice-of-claim statute is an affirmative defense.  *Lee v. State*, 242 P.3d 175, 178 (Ariz. Ct. App. 2010).  Therefore, the defendant bears the burden of proving that the plaintiff failed to comply.  *See Pfeil v.*

*Smith*, 900 P.2d 12, 14 (Ariz. Ct. App. 1995) ("[i]n a civil action . . . the defendant has the burden of proving an affirmative defense").

Defendants assert, and Plaintiffs do not refute, that Plaintiffs failed to file a timely notice of claim (or, indeed, any notice of claim) before initiating this action. Accordingly, because this defect cannot be remedied, Claims Five, Six, and Seven will be dismissed with prejudice.

**III.    Leave to Amend**

For the foregoing reasons, the Court will dismiss the Complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). However, as noted, some of the claims may be remedied by the allegation of additional facts. Plaintiffs will thus be given an opportunity to file an amended complaint that cures the deficiencies identified herein. As such, the Court does not reach Defendants' immunity arguments. Defendants remain free to reassert their immunity arguments, if applicable, in response to any amended complaint filed by Plaintiffs.

Within 30 days, Plaintiffs may submit an amended complaint to cure the deficiencies outlined above. Plaintiffs must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety, and may not incorporate any part of the original Complaint by reference. Plaintiffs may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

. . . .

. . . .

**IV.     Warnings**

    **A.     Address Changes**

    If Plaintiffs' address changes, Plaintiffs must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiffs must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.     Possible Dismissal**

    If Plaintiffs fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

    **IT IS ORDERED:**

    (1)     The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 19).

    (2)     Defendants' Motion to Dismiss (Doc. 19) is **granted**.

    (3)     Claims One, Three, and Four are **dismissed without prejudice**.  Claims Two, Five, Six, and Seven are **dismissed with prejudice**.

    (4)     Plaintiffs have **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

    (5)     If Plaintiffs fail to file a first amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

    Dated this 14th day of February, 2025.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge